IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

V.F. GARMENT, INC.*,*

                    Plaintiff,

                                          Civ. Action No.
        vs.                               5:05-CV-1137 (NAM/DEP)

SEABOARD ATLANTIC GARMENT, INC.,
*et al.,*

                    Defendants.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

HADDAD LAW FIRM                 LAURIN R. HADDAD, ESQ.
342 South Salina Street
Suite 300
Syracuse, NY 13202

FOR DEFENDANTS:

HANCOCK LAW FIRM                DAVID G. LINGER, ESQ.
1500 MONY Tower I
Syracuse, NY 13202


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## AMENDED ORDER

        Currently before the court in connection with this action is an

application by the defendants, pursuant to Rule 37(a) of the Federal

Rules of Civil Procedure, for an order compelling discovery.  At issue are responses and objections served by the plaintiff on or about June 28, 2006 in response to interrogatories propounded on April 14, 2006.[1] Oral argument was conducted regarding defendants' motion on September 27, 2006 in Syracuse, New York.  At the time of argument the court rendered various bench rulings, which are incorporated herein by reference, addressing each of the various interrogatories and interrogatory responses at issue.  Based upon the foregoing, it is hereby

ORDERED, as follows:

1)     With regard to interrogatory no. 2, defendants' motion to compel is denied as moot based upon the plaintiff's identification of a web site, addressing the issue of conversion rates, and other documents providing the information requested.

2)     Plaintiff is directed to supplement its response to

---

[1]     While the instant dispute was specifically framed in the context of this action, it is apparent that parallel discovery efforts are underway in connection with *Century Garment, Inc. v. Gerald Wilson, et al.,* 5:05-CV-1431 (NAM/DEP), a separate but related action.  The court anticipates that with the guidance provided by this decision, the parties will be able to understand the court's position regarding the various issues raised and will be able to resolve any disputes which exist with regard to discovery requests served in connection with the *Century Garment, Inc.* action.

interrogatory no. 3 to provide all information within its possession, custody or control regarding any payments to the individuals identified over the period set forth that did not constitute one of the three specifically excluded types of payment, and to provide any additional information regarding such payments.

3)   With regard to interrogatory no. 4, plaintiff is hereby directed to supplement its response to this interrogatory to provide all information within its possession, custody or control regarding payments made as a result of the Starlight sale of assets, which took place on or about April 9, 2005.

4)   With regard to interrogatory no. 5, plaintiff shall supplement its response to specifically state whether it claims that any proceeds from liquidation of assets of Seaboard Atlantic Garment Company were directed to any recipient other than M&T Bank, and if so to set forth all information which it possesses regarding such payments.

5)   With regard to interrogatory no. 6, defendants' request for an order compelling discovery is denied, except that plaintiff shall be required in general terms to identify which of its officers, directors, agents or employees have information regarding the allegations set

3

forth in the complaint paragraphs identified, and specifically which paragraphs, and additionally shall set forth the same information with regard to any other person who plaintiff reasonably anticipates may be called as a witness to testify at trial on its behalf in this matter.

6)    Plaintiff's request for an order compelling compliance with interrogatory no. 7 is denied, based upon the production of cut sheets associated with all orders covering the period between April 10, 2005 and May 31, 2005.  This denial is without prejudice to the defendants' right to apply to the court for an order requiring the production of other, specifically identified documents which will disclose information allowing calculation of the gross profit generated from shipments of products by the plaintiff to the defendants covering that time period, subject to the obligation on the part of defendants to establish relevance of that information to any of the claims or defenses in the case.

7)    With regard to interrogatories nos. 8 and 9, defendants' request for an order compelling discovery is denied, except that plaintiff is hereby directed to list the Bates numbers of all previously produced documents that fall within the category of these two

interrogatories.

8)    With regard to interrogatories nos. 10, 11, and 14, defendants' request for an order compelling discovery is denied except that plaintiff shall be required to identify each misrepresentation of material fact which, it claims, was made by anyone who is an officer, director, employer or agent of the defendants to representatives of the plaintiff which form the basis of a claim of fraud.

9)    Defendants' request for an order compelling a further response to interrogatory no. 12 is denied.

10)    With regard to interrogatory no. 13, plaintiff is directed to supplement its response to set forth all information within its possession, custody or control regarding the role that defendant Dennis Wilson performed for Seaboard Atlantic Garment Company between January 1, 2005 and May 31, 2005.

11)    With regarding to interrogatory no. 15, plaintiff's request for an order compelling discovery is denied, except that plaintiff is hereby ordered to supplement its response to this interrogatory to state the means by which it is alleged that defendant Dennis Wilson "abused [his] ownership and domination of Seaboard Atlantic and the

transactions with V.F. Garment" during the relevant times.

12)    With regard to interrogatory no. 16, plaintiff shall supplement its response to this interrogatory to state either that it does not contend that Seaboard Atlantic acted "[to shield assets] from creditors" during the relevant times or, if it is contended that it did, to specifically state all information within its possession, custody or control regarding that allegation.

13)    With regard to Interrogatory no. 17, plaintiff is hereby directed to supplement its response to confirm that all documents reflecting communications between defendant Dennis Wilson and the plaintiffs during the relevant time period, including though not limited to telephone records, have been produced and to identify by Bates numbers all such documents.

14)    To the extent supplementation is required under this order, it shall occur on or before October 20, 2006.

15)    Except to the extent indicated above, defendants' motion for an order compelling discovery is denied.

16)   No costs are awarded to any party in connection with

defendants' motion to compel.


David E. Peebles
U.S. Magistrate Judge

Dated:      October 17, 2006
            Syracuse, NY

7