UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**V.F. GARMENT, INC.,**
                              **Plaintiff,**

            vs.                                5:05-CV-1137
                                                          NAM/DEP

**SEABOARD ATLANTIC GARMENT, INC.;
SEABOARD GRAPHIC SERVICES, LLC; GERALD
WILSON, a/k/a Gerry Wilson, individually; DENNIS
WILSON, individually; and AMERICAN FASHION
NETWORK, LLC,**
                              **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**CENTURY GARMENT, INC.**
                              **Plaintiff,**

            vs.                                5:05-CV-1431
                                                          NAM/DEP

**SEABOARD ATLANTIC GARMENT, INC.;
SEABOARD GRAPHIC SERVICES, LLC; AMERICAN
FASHION NETWORK, LLC; GERALD WILSON, a/k/a
Gerry Wilson, and individually; DENIS WILSON,
individually,**
                              **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Laurin R. Haddad, Esq.
333 East Onondaga Street, Suite 300
Syracuse, New York 13202
Attorney for V.F. Garment, Inc. and Century Garment, Inc.

Douglas A. Foss, Esq., of counsel
Harris, Beach PLLC
99 Garnsey Road
Pittsford , New York 14534
Attorneys for Seaboard Atlantic Garment, Inc; Gerald Wilson; and Dennis Wilson

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### ORDER OF DISMISSAL

      On February 26, 2010, the Court granted withdrawal of counsel for plaintiffs, instructed

plaintiffs to appear by counsel within 30 days, and advised plaintiffs that failure to do so would result in dismissal of these actions.  On March 29, 2010, plaintiff's counsel filed a certificate stating that on March 4, 2010 she served a copy of the Court's February 26, 2010 Decision and Order by international registered mail to Anita Wong, owner of V.F. Garment, and that as of March 29, 2010, it had not been returned to her office as undeliverable.  (Case No. 5:05-CV-1137, Dkt. No. 104).  Also on March 29, 2010, plaintiff's counsel filed a certificate stating that on March 4, 2010 she served a copy of the Court's February 26, 2010 Decision and Order by international registered mail to Jeanne Tam, owner of Century Garment, Inc., and that on March 18, 2010, the letter was returned to her office as undeliverable.  (Case No. 5:05-CV-1431, Dkt. No. 92).  Due notice having been given to plaintiffs that the above-entitled actions would be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) if they failed to appear by new counsel within 30 days, and upon consideration of the factors set forth in *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009)[1], and plaintiffs having failed to appear by counsel within 30 days, and no cause appearing why said cases should not be dismissed for failure to prosecute, it is hereby,

ORDERED that the above-entitled actions are DISMISSED pursuant to Fed. R. Civ. P. 41(b); and it is further

---

[1] In its February 26, 2010 Memorandum-Decision and Order ordering dismissal for failure to prosecute if defendants failed to appear by new counsel within 30 days, the Court made the following findings:
> [P]laintiffs' failure to maintain contact with their attorney has caused – and will continue to cause – significant delay, because these cases, although trial-ready, cannot proceed to trial. Further delay is likely to prejudice defendants in their defense, inasmuch as many of the underlying events occurred more than five years ago. Moreover, defendants are entitled to a resolution of the matter and should not be required to wait indefinitely for plaintiffs to go forward. Under the circumstances of these cases, the lack of success of counsel's efforts to contact plaintiffs demonstrates that plaintiffs have effectively abandoned their cases and that lesser sanctions would be ineffectual. Under all of the circumstances, and balancing plaintiffs' interests against those of defendants and against the need of the Court to manage its calendar, the Court finds that – unless plaintiffs appear by new counsel and proceed – dismissal is the fair outcome.

ORDERED that the Clerk enter judgment accordingly.

IT IS SO ORDERED.

Date:  March 31, 2010
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge